UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Morgan Stanley Smith Barney LLC,            Civ. No. 17-1101 (PAM/TNL)
and Morgan Stanley Smith Barney
FA Notes Holdings LLC,

           Plaintiffs,

v.            **MEMORANDUM AND ORDER**

Christopher Johnson,

           Defendant.

---

This matter is before the Court on Plaintiffs' Motions to Appoint Receiver and for a Charging Order. For the following reasons, the Motions are granted in part and denied in part.

**BACKGROUND**

After a Financial Industry Regulatory Authority ("FINRA") arbitration found Defendant Chris Johnson liable for $1,502,000 in compensatory damages to Plaintiff Morgan Stanley Smith Barney and related entities (collectively, "Morgan Stanley"), Morgan Stanley brought this lawsuit seeking to confirm the arbitration award. The Court granted Morgan Stanley's unopposed motion to confirm in August 2017. (Docket No. 19.) The Clerk thereafter entered judgment against Johnson in the amount of the arbitration award. (Docket No. 20.)

Morgan Stanley now asks the Court to appoint a receiver to enforce the judgment. In its initial Motion, Morgan Stanley asked that the receiver take over the operations of several limited liability companies ("LLCs") that Johnson owns, including some with

substantial real-estate holdings. (Docket No. 21.) After Johnson opposed the Motion, arguing that Minnesota law requires a charging order to effectuate any relief against the LLCs, Morgan Stanley filed a new Motion, this time seeking both a receiver and a charging order. (Docket No. 57.) According to Morgan Stanley, in the year since the entry of judgment, Johnson has refused to cooperate with discovery and its collection efforts have yielded less than $3,000. Morgan Stanley asks for a receiver to examine the LLCs' distributions or other payments to Johnson and to direct the LLCs to pay Morgan Stanley instead of Johnson. It also seeks an order foreclosing on Johnson's equity interests in the LLCs.

Johnson contends that he is now cooperating with discovery and that the appointment of a receiver is not warranted. He concedes, however, that a charging order is appropriate "against the transferable interests of [Johnson] in the LLCs, by which the LLCs must pay to Plaintiffs any distribution that otherwise would be paid to [Johnson]." (Def.'s Opp'n Mem. (Docket No. 63) at 7.) But according to Morgan Stanley, Johnson does not receive any "distributions" from his LLCs. Rather, he receives "interest payments" on loans he ostensibly made to the LLCs; in 2017, for example, the LLCs paid Johnson more than $200,000 in such interest payments. Thus, Morgan Stanley argues that a charging order likely will not yield any payments to Morgan Stanley, and foreclosure of Johnson's equity interest is the only way to ensure that Morgan Stanley can collect on the judgment.

## DISCUSSION

### A. Minn. Stat. § 322C.0503

Minnesota's LLC statute provides a mechanism for an LLC member's judgment creditor to receive that member's distributions from the LLC. Minn. Stat. § 322C.0503, subd. 1. This mechanism is called a "charging order," which "requires the limited liability company to pay over to the person to which the charging order was issued any distribution that would otherwise be paid to the judgment debtor." Id. As noted, Johnson does not dispute the entry of a charging order here.

The statute also provides a means to effectuate charging orders, including "appointing a receiver of the distributions subject to the charging order, with the power to make all inquiries the judgment debtor might have made." Id., subd. 2. And if the judgment creditor shows that "distributions under a charging order will not pay the judgment debt within a reasonable time, the court may foreclose the lien and order the sale of the transferable interest." Id., subd. 3. The statute "provides the exclusive remedy by which a person seeking to enforce a judgment against a member or transferee may . . . satisfy the judgment from the judgment debtor's transferable interest." Id., subd. 7.

The Court has the discretion whether to appoint a receiver or to foreclose on Johnson's interest in the LLCs. After considering the parties' arguments, the Court is convinced that a receiver is warranted. A receiver can evaluate the LLCs' payment arrangements with Johnson and can determine whether the arrangements are a subterfuge for avoiding Johnson's debt to Morgan Stanley. However, foreclosure is not appropriate at this stage. While there is little authority as to what constitutes a "reasonable time" under

3

the statute for the purposes of foreclosing the debtor's interests, the passage of one year is, in the Court's view, insufficient in this case to warrant such drastic relief. If, however, the receiver uncovers evidence that Johnson is hiding funds to avoid paying the judgment or is otherwise unsuccessful in securing payments toward the judgment, Morgan Stanley may renew its request for a foreclosure.

**B.      Receiver over Non-LLC Property**

In its initial Motion, Morgan Stanley asked for the appointment of a receiver over all of Johnson's non-LLC property and assets. A court may appoint a receiver to protect a judgment creditor's interest in property. 12C Wright & Miller, Federal Practice & Procedure § 2983. Johnson has the duty to "assist and cooperate fully with the receiver" and to "deliver to the receiver all of the receivership property in [Johnson]'s possession, custody, or control." Minn. Stat. § 576.31(1)-(2). Johnson must also "supply to the receiver information as requested relating to the administration of the receivership and the receivership property." Id. § 576.31(3).

The propriety of appointing a receiver over Johnson's non-LLC property and assets is governed by "federal law and federal equitable principles." Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc., 999 F.2d 314, 316 (8th Cir. 1993). A receiver should be appointed "only in cases of clear necessity to protect a plaintiff's interest in the property." Midwest Sav. Ass'n v. Riversbend Assocs. P'ship, 724 F. Supp. 661, 662 (D. Minn. 1989) (Devitt, J.). The appointment of a receiver as an "extraordinary equitable remedy." Beal Bank USA v. Crown Bank, No. 11-3220, 2012 WL 4328392, at *1 (D. Minn. Jun. 12, 2012) (Noel, M.J.).

4

> Although there is no precise formula for determining when a receiver may be appointed, courts generally consider the following factors to warrant appointment of a receiver: a valid claim by the party seeking the appointment; the probability that fraudulent conduct has occurred or will occur to frustrate that claim; imminent danger that property will be concealed, lost, or diminished in value; inadequacy of legal remedies; lack of a less drastic equitable remedy; and likelihood that appointing the receiver will do more good than harm.

Id. (citing Aviation Supply, 999 F.2d at 316-17).

Three of these factors are clearly met here: Morgan Stanley has a valid claim, its attempts to secure payment through conventional means have been largely unsuccessful, and a receiver would do more good than harm. A receiver can undoubtedly investigate and determine what assets Johnson possesses, whether in the LLCs or otherwise, that are available to satisfy the substantial judgment. Johnson argues that a receiver is appropriate only in cases of fraudulent concealment, but while fraudulent concealment is a circumstance that often leads to the appointment of a receiver, it is but one factor that the Court may consider. See Fed. Practice & Procedure § 2983 (discussing situations warranting appointment of a receiver).

After considering the relevant factors, the Court is convinced that appointment of a receiver over Johnson's non-LLC property is also warranted. That receiver shall have the power to make any inquiry Johnson would have the right to make of the LLCs and to conduct a full accounting of the LLCs' financial transactions since January 1, 2015, and shall have all the powers of receivers under Minnesota law. The receiver shall examine Johnson's assets, and the Court expects Johnson to cooperate fully with the receiver's examination. When the examination is complete, the receiver shall report the results to the

Court, and shall make a recommendation on the assets' liquidation to ensure the payment of the amounts Johnson owes Morgan Stanley. The receiver shall be compensated at his usual rate as set forth in Timothy G. Becker's Affidavit (Docket No. 72), with such compensation paid out of the assets the receiver recovers in this matter.

Finally, Minnesota law requires that the receiver post a bond "in the sum, nature, and with the conditions that the court shall order in its discretion . . . ." Minn. Stat. § 576.27. The receiver appointed below shall post a bond of $250,000 with the Court within 14 days of the date of this Order.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiffs' Motions to Appoint Receiver and for Charging Order (Docket Nos. 21, 57) are **GRANTED in part** and **DENIED without prejudice** in part as set forth above;

2. A charging order is **ENTERED** pursuant to Minn. Stat. § 322C.0503 against Johnson's transferable LLC interests for the unsatisfied amount of the judgment; and

3. Timothy G. Becker of Lighthouse Management Group, Inc., is **APPOINTED** to serve as receiver over Johnson's LLC and non-LLC property and assets.

Dated:  September 27, 2018

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge