UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Morgan Stanley Smith Barney LLC, and Morgan Stanley Smith Barney FA Notes Holdings LLC,

Civ. No. 17-1101 (PAM/TNL)

      Plaintiffs,

v.

**MEMORANDUM AND ORDER**

Christopher Johnson,

      Defendant.

---

This matter is before the Court on Defendant's Motion to Stay Pending Appeal. For the following reasons, the Motion is denied.

## BACKGROUND

This case arises out of Defendant's failure to satisfy a judgment for Plaintiffs in the amount of $1,502,000. The full factual background is set forth in the Court's September 27, 2018, Memorandum and Order, in which the Court granted Plaintiffs' request to appoint a receiver and for a charging order. (Docket No. 75.) Defendant filed a Motion to Stay Pending Appeal on October 2, 2018. (Docket No. 82.)

## DISCUSSION

The power to stay proceedings is inherent in the Court's power to control its docket. Twin Cities Galleries, LLC v. Media Arts Grp., Inc., 431 F. Supp. 2d 980, 983 (D. Minn. 2006) (Doty, J.). Whether to issue a stay is within the Court's discretion. Virginian Ry. Co. v. United States, 272 U.S. 658, 672 (1926). Such a stay "is not a matter of right" and "[t]he party requesting a stay bears the burden of showing that the circumstances justify

[it]." Nken v. Holder, 556 U.S. 418, 433-34 (2009) (quotation omitted). In determining whether to grant a stay, the Court can consider "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987). A balance of these factors weighs against granting a stay.

**A.     Likelihood of Success**

Defendant has not met the first factor, requiring a strong showing that the applicant is likely to succeed on the merits. Defendant contends that he is likely to succeed because of this Court's treatment of the factors found in Aviation Supply Corporation v. R.S.B.I. Aerospace, Inc., 999 F.2d 314, 316 (8th Cir. 1993). In Aviation Supply, the Eighth Circuit provided courts with several factors to consider when deciding whether appointment of a receiver is appropriate:

> Although there is no precise formula for determining when a receiver may be appointed, factors typically warranting appointment are a valid claim by the party seeking the appointment; the probability that fraudulent conduct has occurred or will occur to frustrate that claim; imminent danger that property will be concealed, lost, or diminished in value; inadequacy of legal remedies; lack of a less drastic equitable remedy; and likelihood that appointing the receiver will do more good than harm.

Id. at 316-17.

In its Order, this Court found that three of the Aviation Supply factors were clearly met: (1) Plaintiffs have a valid claim; (2) their attempts to secure payment through conventional means have been largely unsuccessful; and (3) a receiver would do more good

2

than harm. (Docket No. 75 at 5.) Defendant argues he is likely to succeed on appeal because these factors are inadequate to appoint a receiver. Defendant largely relies on the absence of the second <u>Aviation Supply</u> factor, "the probability that fraudulent conduct has occurred or will occur to frustrate that claim." <u>Aviation Supply</u>, 999 F.2d at 316. However, while fraudulent conduct is a circumstance that often leads to the appointment of a receiver, it is but one factor that the Court may consider. <u>See</u> <u>id.</u> at 317 ("It is well settled that proof of fraud is not required to support a district court's discretionary decision to appoint a receiver."); <u>see also</u> 12C Wright & Miller, Fed. Practice & Procedure § 2983 (discussing situations warranting appointment of a receiver).

Defendant also argues that there is an absence of "imminent danger that property will be concealed, lost, or diminished in value" and Plaintiff's legal remedies are not inadequate. <u>Aviation Supply</u>, 999 F.2d at 316-17. Similarly, Defendant disputes that Plaintiffs' "attempts to secure payment through conventional means have been largely unsuccessful." (Docket No. 75 at 5.) However, the record reflects that Defendant has not been forthcoming in discovery and has made very few efforts to pay the judgment. Additionally, there are unresolved questions regarding assets that should be remitted to Plaintiffs (<u>see</u> Pls.' Opp'n Mem. (Docket No. 90) at 8), and Plaintiffs' attempts to enforce this judgment through ordinary legal remedies have been largely unsuccessful for more than a year. These facts show that appointment of a receiver is an appropriate remedy to resolve these problems, and that the <u>Aviation Supply</u> factors have been adequately satisfied.

Second, Defendant contends that this Court erred by granting the receiver broad powers over Defendant's LLC property and assets, such that the receiver will have "managerial control" over Defendant's property and the ability to "force a sale." (Def.'s Supp. Mem. (Docket No. 84) at 13-14.) Defendant argues that the Court's Order "might be interpreted to grant broad powers that conflict with the . . . Minnesota LLC statute." (Id. at 14.) The Court granted the receiver no such managerial powers, and any concern that the language could be construed to grant those powers is mere speculation.

In sum, it was properly within this Court's discretion to appoint a receiver, and Defendant's arguments regarding the Aviation Supply factors are either unpersuasive or unsupported by the facts of this dispute. Further, his claim that the Court exceeded its authority by granting the receiver more power than Minnesota law allows is mere speculation and unsupported by the language of the Order itself. Therefore, Defendant has failed to make a strong showing that he is likely to succeed on the merits of his appeal.

**B.    Injury to the Parties**

Defendant has also not established that he will be irreparably injured absent a stay. He claims that the Court was incorrect when it decided that a receiver would "do more good than harm" and argues that the receiver will irreparably harm his business and personal assets. Aviation Supply, 999 F.2d at 317. However, Defendant's claims of future injury are speculative. Defendant repeatedly argues that the receiver "might attempt" several acts outside the scope of the Court's Order. (Def.'s Supp. Mem. at 15.) This Court authorized the receiver to: "examine Johnson's assets . . . . When the examination is complete, the receiver shall report the results to the Court, and shall make a

recommendation on the assets' liquidation to ensure the payment of the amounts Johnson owes Morgan Stanley." (Docket No. 75 at 5-6.) Defendant claims the receiver might collect and liquidate his assets, including his personal assets, and interfere with the management of his companies. (Def.'s Supp. Mem. at 15.) There is simply no reason to believe that the receiver will exceed the scope of their authority at this time, and accordingly, the Defendant has not shown that he will suffer irreparable harm in the absence of a stay.

Finally, Plaintiffs will suffer injury if a stay is granted because it will further delay satisfaction of this judgment and potentially harm Plaintiffs' ability to be repaid. A balance of the second and third Hilton factors weighs against granting a stay.

**C.      Public Policy**

Public policy also supports denying a stay. The public interest lies with the swift resolution of legal claims and judgments. Arbitration is intended to promote this interest in a timely, cost-saving manner. "Arbitration is supposed to be swift. It will not be swift if orders to arbitrate are routinely stayed pending appeals from those orders." Graphic Commc'ns Union, Chicago Paper Handlers' & Electrotypers' Local No. 2 v. Chicago Tribune Co., 779 F.2d 13, 15 (7th Cir. 1985).

A Financial Industry Regulatory Authority ("FINRA") arbitration found Defendant liable for $1,502,000 in damages, and this Court confirmed that award. (Docket No. 19.) More than a year has passed, and Plaintiffs have collected approximately $3,000 of the outstanding judgment. (Pls.' Opp'n. Mem. at 2.) Continuing to delay the payment of the judgment does not serve the public interest in swiftly resolving debtor/creditor disputes.

5

**CONCLUSION**

Defendant has failed to make a strong showing of a likelihood of success. He has further failed to show that the interests of the parties or the public support granting a stay. Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion to Stay Pending Appeal (Docket No. 82) is **DENIED.**

Dated: October 26, 2018

*s/ Paul A. Magnuson*
PAUL A. MAGNUSON
United States District Court Judge