UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Morgan Stanley Smith Barney LLC,            Civ. No. 17-1101 (PAM/TNL)
and Morgan Stanley Smith Barney
FA Notes Holdings LLC,

           Plaintiffs,

v.                                           **MEMORANDUM AND ORDER**

Christopher Johnson,

           Defendant.

---

This matter is before the Court on the Receiver's Motion to Order Plaintiffs to Pay the Receiver's Fees and for Discharge. For the following reasons, the Motion is granted.

**BACKGROUND**

In September 2018, at the request of Plaintiff Morgan Stanley Smith Barney and related entities (collectively, "Morgan Stanley"), the Court appointed Timothy G. Becker of Lighthouse Management Group, Inc., to perform the duties of Receiver under federal and state law over the property and assets of Defendant Chris Johnson.[1] (Docket No. 75.) On February 28, 2019, after conducting an examination of Johnson's businesses and other assets, the Receiver issued a Report and Recommendation. (Docket No. 93.) Morgan Stanley then renewed its motion to foreclose and asked the Court to hold Johnson in contempt of court based on the Receiver's findings. (Docket No. 105.) The Court declined

---

[1] The circumstances leading to the appointment of the Receiver are not particularly relevant to this Motion, and are in any event fully set forth in this Court's and the Eighth Circuit Court of Appeals' previous Orders in this matter. (See Docket Nos. 19, 75, 123.)

to issue a contempt citation because the propriety of the Receiver's appointment was then pending before the Eighth Circuit Court of Appeals, but permitted Morgan Stanley to foreclose on Johnson's interest in several limited-liability companies ("LLCs").  (Docket No. 119.)

The Eighth Circuit affirmed the Receiver's appointment in March 2020.  (Docket No. 123.)  Shortly thereafter, Morgan Stanley renewed its request for a contempt order against Johnson, again relying on the Receiver's findings.  (Docket No. 127.)  In that request, Morgan Stanley asked the Court to sanction Johnson by requiring him to pay the Receiver's fees and costs in the amount of "approximately $150,000."  (Id. at 2.)  The Court's appointment Order contemplated that the Receiver would be paid out of assets recovered from Johnson, but because of Johnson's recalcitrance in satisfying his debt to Morgan Stanley, the Receiver been paid only a small fraction of his billed fees and costs.

Four days before the hearing on Morgan Stanley's renewed contempt motion, however, Johnson filed for bankruptcy protection.  (Docket No. 135.)  The Court thus stayed consideration of the motion until the conclusion of the bankruptcy proceedings.  (Docket No. 138.)  The Receiver now asks the Court to require Morgan Stanley to pay his fees and costs, a total of $149,735.40.  The Receiver also seeks his discharge from this matter.

**DISCUSSION**

Morgan Stanley opposes the Receiver's Motion for fees and costs but concedes that the Receiver has completed his duties and may be discharged.

Morgan Stanley initially asked the Court to delay consideration of this Motion because the bankruptcy court was considering whether to lift the automatic stay to allow Morgan Stanley to pursue its stayed motion for contempt and sanctions against Johnson in this Court.  However, the bankruptcy court declined to lift the stay shortly before the Receiver filed his reply memorandum.  (See Reply Mem. (Docket No. 147) at 2.)  There is thus no reason to delay consideration of the instant Motion.

Morgan Stanley also contends that the Receiver's fee is too high and the Court should "examine" the amount requested to determine whether it is "appropriate" "for six months of work."  (Opp'n Mem. at 3.)  This contention merits little discussion because, as noted, Morgan Stanley asked the Court to sanction Johnson $150,000 for the Receiver's fees and expenses.  If Morgan Stanley believed that the Receiver's fee was excessive, it should have conducted its own examination before asking the Court to require Johnson to pay that amount.  The Court will not reduce the Receiver's requested fee on this basis.

Finally, Morgan Stanley asks that the Court allow the bankruptcy court to determine the Receiver's claim "along with all other creditors' claims against Johnson," noting that the Court's previous Order required the Receiver to be paid out of assets recovered. (Opp'n Mem. (Docket No. 146) at 2.)  Morgan Stanley points to the bankruptcy code, which provides that certain administrative expenses such as the fees of a prepetition receiver be deducted from the bankruptcy estate.  (Id. at 12 (citing 11 U.S.C. § 503b(3)(E)).)  Moreover, Morgan Stanley asserts that Johnson's bankruptcy may result in assets sufficient to pay the Receiver and notes that it would be "particularly unfair" to require Morgan Stanley to pay the Receiver's fee, because it is not likely to be reimbursed from the estate

3

for this payment.  (Id. at 13.)

> The general rules are that where a receiver is regularly and lawfully appointed, his expenses and compensation are to be charged only against the receivership funds and not against the party who procured his appointment . . . . [However], it is recognized that there is a discretion in the court appointing the receiver as to who shall be charged with the costs of the receivership.

Bowersock Mills & Power Co. v. Joyce, 101 F.2d 1000, 1002-03 (8th Cir. 1939).  Indeed, "when the [receivership] fund proves insufficient, . . . a court . . . may compel the party who procured the receiver to be appointed to pay into court a sum sufficient to meet the expenses of the receivership."  Id. at 1002 n.4.  Thus, where the Receiver's appointment is "for the sole benefit of the" party requesting the appointment and that party knows or should know that the funds the Receiver can recover may be insufficient to pay the Receiver's fees and expenses, the Court may require that party to pay those amounts.  Id. at 1004.

Given the history of Morgan Stanley's efforts to collect from Johnson and his years-long refusal to pay anything toward his undisputed debt, it cannot have been a surprise to Morgan Stanley that the Receiver was unable to recover assets sufficient to pay his fees and expenses.  Moreover, Morgan Stanley could have foreclosed on Johnson's LLCs and potentially recovered funds to pay the Receiver; it chose not to do so even after the Court granted its request for such foreclosure.  And Morgan Stanley cannot dispute that the Receiver's investigation resulted in Morgan Stanley pursuing in a separate fraudulent-conveyance action other individuals and LLCs through whom Johnson may have avoided paying his debt.  Morgan Stanley's complaint that it would be "unfair" for the Court to

4

order it to pay the Receiver is not well taken.

The Receiver is an officer of the Court.  <u>United States v. Smallwood</u>, 443 F.2d 535, 539 (8th Cir. 1971).  As such, the Court must ensure that he is sufficiently compensated for the work he performed.  Given that this work was at Morgan Stanley's behest and Morgan Stanley alone benefitted from the Receiver's efforts, equity requires Morgan Stanley to pay the Receiver's fees and expenses.  The Court has evaluated the Receiver's requested fees and costs and finds them eminently reasonable for the amount of work he performed in this complex matter.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Receiver's Motion (Docket No. 140) is **GRANTED**;

2. The Receiver is hereby **DISCHARGED** from further duties relating to this case; and

3. Morgan Stanley shall pay the Receiver's reasonable fees and expenses in the amount of $149,735.40.

Dated:  <u>August 20, 2020</u>

<u>*s/ Paul A. Magnuson*</u>
Paul A. Magnuson
United States District Court Judge